# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ISAIAH COOK, <br><br>         Plaintiff, <br><br>    v. <br><br> OFFICE OF THE PUBLIC DEFENDER, <br><br>         Defendant. | Civil Action No. 26-946 (JXN)(SDA) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Isaiah Cook's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). The Court has reviewed Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application is **GRANTED** and the Complaint is **DISMISSED** *without prejudice*.

## I.    BACKGROUND

Plaintiff filed this lawsuit against the Office of the Public Defender ("Public Defender") and applied to proceed IFP on January 30, 2026. (*See* Compl., ECF No. 1; IFP Appl., ECF No. 1-2.) The sole allegation of the Complaint is "Ineffective Assistance of Counsel (IAC), coercing plea, improper monitoring, violations of the Class Action Fairness Act." (Compl. at 4.) He seeks "$380,000 to pay for future counsel, to recover funds from a class action, and for harm done by coercion." (*Id.* at 5.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to

demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot

2

satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

In screening an IFP complaint, however, this Court is mindful that *pro se* pleadings must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "there are limits to [the Court's] procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Pro se litigants "must abide by the same rules that apply to all other litigants," including Rule 8(a)(2). *Id.*

III.    **DISCUSSION**

A.    **The Court Grants the IFP Application**

The decision to grant IFP status "turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Sup. Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). A person need not be "absolutely destitute" to proceed IFP. *Id.* Rather, the applicant "must show the inability to pay the filing and docketing fees." *Id.*

Plaintiff has done so here. According to Plaintiff's IFP application, he has $648 in monthly income, $658 in monthly expenses, and $43 in his bank account. (*See* IFP Appl.) The Court is satisfied that Plaintiff is unable to pay filing fees. Therefore, the Court **GRANTS** Plaintiff's IFP application.

B.    **The Court Dismisses the Complaint**

Even construed liberally, Plaintiff fails to include a "short and plain statement" of his claim. Fed. R. Civ. P. 8(a). Plaintiff states only that he is suing for "Ineffective Assistance of Counsel (IAC), coercing plea, improper monitoring, violations of the Class Action Fairness Act." (Compl. at 4.)

3

This is not enough factual matter "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint does not explain what the Public Defender did, or how its conduct amounted to ineffective assistance of counsel, coercion, improper monitoring, or a Class Action Fairness Act violation. *Garrett*, 938 F.3d at 93 (noting complaints must identify discrete defendants and the actions taken by those defendants). Because the Complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," dismissal is warranted.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 1-2) is **GRANTED** and the Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. Plaintiff shall have thirty days to submit an amended pleading correcting the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED: 7/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

4